Kauff McGuire & Margolis LLP
950 Third Avenue
Fourteenth Floor
New York, New York 10022
(212) 644-1010 (T)
(212) 644-1936 (F)

*Attorneys for Time Warner Cable of
New York City, a Division of Time Warner
Entertainment Company, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> LOUIS PUESAN, <br><br>        Debtor. <br><br>-----------------------------------------------x<br><br> TIME WARNER CABLE OF NEW YORK CITY, A DIVISION OF TIME WARNER ENTERTAINMENT COMPANY, L.P., <br><br>       Plaintiff, <br><br> v. <br><br> LOUIS PUESAN, <br><br>       Defendant. | Case No. 10-15609 (REG) <br><br> Chapter 7 <br><br> Judge Robert E. Gerber <br><br><br> Adv. Proc. No. _____ |

## **COMPLAINT**

Plaintiff Time Warner Cable of New York City, a Division of Time Warner Entertainment Company, L.P. ("TWCNYC"), by and through its undersigned attorneys, hereby alleges as follows against Defendant Louis Puesan ("Puesan"):

## NATURE OF THE ACTION

1. TWCNYC brings this adversary proceeding to deny Puesan the discharge of his debts to TWCNYC based on Puesan's violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.* ("Federal Wiretap Act"), breach of the duty of loyalty, trespass to chattel, and computer-related offenses under New York Penal Law Sections 156.10, 156.25, 156.30 and 156.35.

## PARTIES AND JURISDICTION

2. TWCNYC is a local affiliate of Time Warner Cable, the second-largest cable operator in the United States and an industry leader in developing and launching innovative video, data and voice services, including digital television, digital phone and high-speed Internet access service.

3. TWCNYC has an office at 120 E. 23rd Street, New York, New York 10010.

4. Puesan is a former employee of TWCNYC. He alleges in his Bankruptcy Petition that he resides in Manhattan.

5. This adversary proceeding is being brought by TWCNYC against Puesan pursuant to 11 U.S.C. § 523(a)(2)(A) and Rule 7001 of the Federal Rules of Bankruptcy Procedure, in connection with Puesan's case under Chapter 7 of Title 11 of the United States Bankruptcy Code, Case No. 10-15609 (REG), in which Puesan is the Debtor.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523(a)(2)(A). This is a core proceeding pursuant to 28 U.S.C. § 157.

7. Venue is proper pursuant to 28 U.S.C. § 1409.

## STATEMENT OF FACTS

### Background

8. From 1987 through on or about February 18, 2008 Puesan was employed by TWCNYC in various positions, most recently in the position of "Tech 5."

9. As a Tech 5, Puesan's duties and responsibilities included servicing the cable, high speed internet, and digital telephone systems provided by TWCNYC to its subscribers.

10. Puesan's responsibilities as a Tech 5 also included accessing TWCNYC's password-protected billing system ("CSG") and computers in a room in TWCNYC's office referred to as the "Ready Room."

11. The computers in the Ready Room are provided by TWCNYC for employees to use to complete their work for TWCNYC, during time periods that the employees are scheduled to work.

12. The computers in the Ready Room provide access to the Internet, TWCNYC's intranet and e-mail servers.

### Puesan's Obligations Under TWCNYC's Employee Handbook and Standards of Business Conduct

13. During his employment with TWCNYC, Puesan agreed to, and was bound by, certain terms and conditions of employment set forth in TWCNYC's Employee Handbook and Standards of Business Conduct (the "SBC").

14. The Employee Handbook prohibits:

(a) employees' "[u]nauthorized entering of Company premises when not on duty or scheduled for work;"

(b)  employees' "[t]heft of, or unauthorized use or destruction of company, employee . . . property;" and

(c)  employees from "[p]roviding assistance in any way which would enable anyone to obtain [TWCNYC's] service without paying the applicable charges." (Employee Handbook at p. 53-54.)

15.  The SBC contains an "E-Communications and Information Security" policy which requires employees to safeguard TWCNYC's confidential information and computer system. (SBC at pp. 10-14.)

16.  Pursuant to the SBC, employees "should not attempt to test, or attempt to compromise, the system security measures put in place for computers and communications systems, such as through hacking, password cracking, file decryption, or copying software." (SBC at p. 12.)

17.  Employees are required under the SBC to "protect [TWCNYC's] system from computer viruses" and are required to "use caution in downloading files, and never download from an unknown source." (SBC at p. 12.)

18.  The SBC also provides that employees "should not attempt to gain access to the e-mail, voice mail, or other electronic files of other users." (SBC at p. 13.)

**Puesan Installs Spyware on TWCNYC's Computers**

19.  On or about November 9, 2007, Puesan reported that he was injured at work, and took a leave of absence pursuant to TWCNYC's workers compensation policy and applicable law.

20.  During the period of Puesan's workers compensation leave, Puesan attempted, on at least one occasion, to obtain a password to TWCNYC's CSG billing

system. Upon information and belief, Puesan planned to use this password so that he could provide illegal cable services to third parties, without compensating TWCNYC.

21. Puesan's initial attempt to obtain this password to the CSG billing system was unsuccessful.

22. Subsequently, on or about Sunday, February 10, 2008, Puesan came to TWCNYC's office. At this time, Puesan was still on workers compensation leave and not permitted to be present in TWCNYC's office.

23. At or about 5:30 p.m. on February 10, 2008, one of TWCNYC's employees observed Puesan working on the three computers in the Ready Room.

24. On or about February 11, 2008, the individual who observed Puesan using the computers in the Ready Room reported Puesan's activities to TWCNYC.

25. TWCNYC's employees subsequently examined the three computers in the Ready Room and found that, at or about 5:30 p.m. on February 10, 2008, a computer program known as Winvestigator had been installed on all three computers and was tracking all information entered on the computers, including passwords and other confidential and sensitive information (such a program is referred to as "Spyware").

26. TWCNYC's employees also discovered that, at or about 5:30 p.m. on February 10, 2008, an individual had accessed on the three computers in the Ready Room the website for Tropical Software, a company which makes Spyware available for downloading onto individuals' computers.

27. The Tropical Software website advertises the Spyware by explaining that the Spyware allows users to "secretly monitor and record user activities" and it "runs undetectable in Windows." The website also provides that Tropical Software

transports the Spyware to customers throughout the United States, as well as internationally.

28. Upon information and belief, Puesan downloaded the Spyware from the Tropical Software website to TWCNYC's computers in the Ready Room, for the purpose of intercepting, recording and/or storing all information communicated on these computers, including e-mail communications through TWCNYC's e-mail server and passwords entered on these computers.

29. On or about February 18, 2008, TWCNYC met with Puesan and questioned him about the Spyware installation. Puesan admitted that he was present in TWCNYC's office on February 10, 2008 at or about 5:30 p.m., and used the three computers in the Ready Room. Puesan denied, however, installing the Spyware.

30. TWCNYC reported this incident to the authorities, and the Manhattan District Attorney's Office subsequently brought criminal charges against Puesan.

31. On or about February 18, 2008 TWCNYC terminated Puesan's employment.

32. On or about May 8, 2008, Puesan was arrested in connection with his attempts to unlawfully access TWCNYC's computers in the Ready Room.

33. On or about September 8, 2008, Puesan was indicted in New York State Supreme Court on three counts of Computer Trespass, three counts of Computer Tampering in the Third Degree, one count of Unlawful Duplication of Computer Related Materials, and one count of Criminal Possession of Computer Related Materials (the "Criminal Action").

4813-4196-2504.1

34. On or about September 9, 2008, Puesan filed a civil lawsuit in the United States District Court for the Eastern District of New York against TWCNYC and Local Union No. 3 of the International Brotherhood of Electrical Workers ("Local 3"), the union that represented Puesan during his employment at TWCNYC (Case No. 08-cv-03660 (ENV)(RER)) (the "Civil Action").

35. In the Civil Action, Puesan, *inter alia*, asserted that Local 3 failed to represent him diligently in challenging his termination of employment and that TWCNYC terminated him in bad faith and without just cause.

36. In connection with the Civil Action, TWCNYC asserted counterclaims against Puesan based on Puesan's violations of the CFAA, Federal Wiretap Act, breach of the duty of loyalty, trespass to chattel, and computer-related offenses under New York Penal Law Sections 156.10, 156.25, 156.30 and 156.35.

37. On or about December 3, 2008, the Civil Action was stayed in light of the Criminal Action that was pending against Puesan.

38. On or about July 22, 2010, Puesan was convicted in the Criminal Action of each count upon which he was indicted (three counts of Computer Trespass, three counts of Computer Tampering in the Third Degree, one count of Unlawful Duplication of Computer Related Materials, and one count of Criminal Possession of Computer Related Materials).

39. On or about September 13, 2010, Puesan was sentenced to five years probation for each count upon which he was convicted in the Criminal Action.

40. Shortly thereafter, on or about October 27, 2010, Puesan filed for Bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (Case No. 10-15609 (REG)).

4813-4196-2504.1

# FIRST CLAIM FOR RELIEF
## Violation of the CFAA, 18 U.S.C. § 1030

41. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

42. TWCNYC uses the computers in the Ready Room in interstate commerce and communications, and TWCNYC's use of the computers in the Ready Room affects interstate commerce and communications.

43. Accordingly, the Ready Room computers are "protected" computers as defined in the CFAA.

44. Puesan, without authorization, or exceeding authorization, accessed TWCNYC's computers in the Ready Room with the intent to defraud TWCNYC.

45. Puesan knowingly caused the transmission of Spyware to TWCNYC's computers in the Ready Room, without TWCNYC's authorization.

46. Puesan's access of the Ready Room computers and transmission of the Spyware was an attempt to defraud TWCNYC, and obtain confidential information of others, valued at more than $5,000, for Puesan's benefit, including but not limited to individuals' passwords to programs on TWCNYC's computer system.

47. Puesan's actions impaired the integrity of TWCNYC's computers, computer system, data and information, caused other damage, without authorization, and caused TWCNYC to suffer losses.

48. Puesan's actions were knowing, intentional and reckless, and the damage to TWCNYC's computers was reckless, if not also intentional.

49. During the one-year period preceding the filing of the Civil Action, TWCNYC experienced significant losses in excess of $5,000 as a result of Puesan's

actions, including the costs of its examination and repair of its computers, and other investigatory measures.

50. Puesan's actions violated the CFAA, and TWCNYC is therefore entitled to compensatory damages, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2511, 2512, 2520**

51. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

52. Puesan downloaded and intentionally possessed Spyware from Tropical Software, a company that Puesan knew, or had reason to know, transports software in interstate commerce.

53. Puesan knew or had reason to know that the Spyware, by its design, is primarily useful for the purpose of surreptitious interception of electronic communications.

54. Puesan installed the Spyware on TWCNYC's computers and the Spyware intentionally intercepted and recorded all electronic communications made through TWCNYC's computers, including any transmission of passwords, confidential information, and e-mail correspondence.

55. Puesan, through the Spyware, intentionally endeavored to intercept and record electronic communications made on the computers, and store such communications for transmission to Puesan, in violation of the Federal Wiretap Act.

56. TWCNYC is therefore entitled to statutory damages equal to the greater of $100 a day for each day of violation or $10,000, and reasonable attorney's fees and costs, pursuant to 18 U.S.C. § 2520.

57. Puesan acted willfully and maliciously and intended to defraud TWCNYC.

58. TWCNYC is therefore also entitled to punitive damages pursuant to 18 U.S.C. § 2520.

59. Punitive damages are further warranted to deter future attempts to install Spyware on TWCNYC's computers, and prevent illegal distribution of TWCNYC's services to the general public.

### THIRD CLAIM FOR RELIEF
### Breach of the Duty of Loyalty

60. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

61. As TWCNYC's employee, Puesan owed TWCNYC a duty of loyalty.

62. Pursuant to this duty of loyalty, Puesan was prohibited from acting in any manner inconsistent with his agency or trust, and was at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.

63. Puesan violated this duty of loyalty when he engaged in the wrongful actions described herein to TWCNYC's detriment, including the installation of the Spyware on TWCNYC's computers.

64. Upon information and belief, Puesan intended to use the information obtained via the Spyware to wrongfully provide TWCNYC's cable service to individuals, without requiring the individuals to compensate TWCNYC.

65. As a result of the foregoing, TWCNYC is entitled to the disgorgement and return of all compensation paid to Puesan during his period of

disloyalty, and damages to compensate TWCNYC for expenses incurred in rectifying Puesan's disloyal acts, in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### Trespass to Chattel

66. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

67. TWCNYC's computers and computer system are its personal property.

68. Puesan intentionally, and without authorization, justification or consent, or in excess of any authorization, installed the Spyware on TWCNYC's computers, and physically interfered with TWCNYC's use and enjoyment of such computers.

69. Puesan's actions diminished the condition, quality and value of TWCNYC's computers and computer system.

70. TWCNYC is entitled to actual damages based upon the expenses it incurred as result of Puesan's installation of the Spyware, in an amount to be determined at trial.

71. TWCNYC is also entitled to punitive damages, in an amount to be determined at trial, because Puesan acted willfully and maliciously and intended to defraud TWCNYC with its installation of the Spyware on TWCNYC's personal property.

72. Punitive damages are further warranted to deter future attempts to install Spyware on TWCNYC's computers, and prevent illegal distribution of TWCNYC's services to the general public.

4813-4196-2504.1

## FIFTH CLAIM FOR RELIEF
## Computer Trespass in Violation of New York Penal Law Section 156.10

73. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

74. Puesan knowingly used and accessed TWCNYC's computers without authorization.

75. Upon information and belief, Puesan knowingly gained access to TWCNYC's computer material, as defined in New York Penal Law Section 156.00(5).

76. On or about July 22, 2010, Puesan was convicted in the Criminal Action of violating New York Penal Law Section 156.10 based on the same facts and circumstances set forth herein.

77. Puesan is therefore liable for computer trespass, and TWCNYC seeks damages for the expenses it incurred as a result of such trespass, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## Computer Tampering in Violation of
## New York Penal Law Section 156.25

78. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

79. Puesan used or accessed TWCNYC's computers without authorization.

80. Puesan intentionally altered TWCNYC's computer data and computer programs by installing the Spyware.

81. Puesan installed the Spyware with the intent to wrongfully obtain TWCNYC's and TWCNYC's employees' personal information.

4813-4196-2504.1

82. On or about July 22, 2010, Puesan was convicted in the Criminal Action of violating New York Penal Law Section 156.25 based on the same facts and circumstances set forth herein.

83. Puesan is therefore liable for computer tampering, and TWCNYC seeks damages for the expenses it incurred as a result of such tampering, in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### Unlawful Duplication of Computer Related Material in Violation of New York Penal Law Section 156.30

84. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

85. Puesan, without any right to do so, caused to be copied, reproduced, and/or duplicated, TWCNYC's computer data.

86. Upon information and belief, Puesan intended to use the computer data he copied from TWCNYC in order to defraud TWCNYC by providing TWCNYC's cable service to individuals, without requiring the individuals to compensate TWCNYC.

87. On or about July 22, 2010, Puesan was convicted in the Criminal Action of violating New York Penal Law Section 156.30 based on the same facts and circumstances set forth herein.

88. Puesan is therefore liable for unlawful duplication of computer related material, and TWCNYC seeks damages for the expenses it incurred as a result of such unlawful duplication, in an amount to be determined at trial.

4813-4196-2504.1

# EIGHTH CLAIM FOR RELIEF
## Wrongful Possession of Computer Related Material in Violation of New York Penal Law Section 156.35

89. TWCNYC repeats and realleges the allegations in its Complaint set forth above, as if fully set forth herein.

90. Puesan, without having any right to do so, knowingly possessed Spyware which maintained a copy, reproduction and/or duplicate of TWCNYC's computer data, which was copied in violation of New York Penal Law Section 156.30.

91. Upon information and belief, Puesan intended to use TWCNYC's computer data to benefit himself or another person.

92. On or about July 22, 2010, Puesan was convicted in the Criminal Action of violating New York Penal Law Section 156.35 based on the same facts and circumstances set forth herein.

93. Puesan is therefore liable for wrongful possession of computer material, and TWCNYC seeks damages for the expenses it incurred as a result of such unlawful possession, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, TWCNYC respectfully prays that the Court enter judgment:

1. Blocking the discharge of the above-referenced debts together with the costs and disbursements of this action;

2. Awarding judgment against Puesan, including the following relief:

(a) On the First Claim, compensatory damages, in an amount to be determined at trial, pursuant to 18 U.S.C. § 1030.

4813-4196-2504.1

(b) On the Second Claim, statutory and punitive damages, in amounts to be determined at trial, and reasonable attorney's fees and costs pursuant to 18 U.S.C. § 2520.

(c) On the Third Claim, compensatory damages in an amount to be determined at trial, and an order that Puesan must disgorge and return to TWCNYC any payments TWCNYC made to him during his period of disloyalty.

(d) On the Fourth Claim, compensatory and punitive damages, in an amount to be determined at trial.

(e) On the Fifth Claim, compensatory damages, in an amount to be determined at trial.

(f) On the Sixth Claim, compensatory damages, in an amount to be determined at trial.

(g) On the Seventh Claim, compensatory damages, in an amount to be determined at trial.

(h) On the Eighth Claim, compensatory damages, in an amount to be determined at trial.

3. Awarding to TWCNYC its reasonable attorney's fees and costs; and

4. Awarding to TWCNYC such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 18, 2011

Respectfully submitted,

KAUFF McGUIRE & MARGOLIS LLP


By: /s/ Kenneth A. Margolis
      Kenneth A. Margolis

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for TWCNYC

4813-4196-2504.1